UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY ROBERTSON | CIVIL ACTION |
| VERSUS | NO. 24-1172 |
| SAFEPOINT INSURANCE COMPANY | SECTION "O" |

### ORDER AND REASONS

Before the Court in this first-party insurance dispute removed based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is Plaintiff Amy Robertson's motion[1] to remand. Robertson says remand is required because Defendant Safepoint Insurance Company failed to timely remove this case under 28 U.S.C. § 1446(b). The Court disagrees. The 30-day removal clock did not start to tick under Section 1446(b)(1) upon service of Robertson's original petition because Robertson failed to "place in [that] initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The removal clock instead started to tick under Section 1446(b)(3) upon Safepoint's counsel's receipt of "other paper" in the form of a $200,000 settlement demand. Because Safepoint removed this case within 30 days of receiving that demand, Safepoint's removal was timely under Section 1446(b)(3). Accordingly, for these reasons and those that follow, Robertson's motion to remand is **DENIED**.

---

[1] ECF No. 8.

I.      **BACKGROUND**

Robertson challenges the timeliness of Safepoint's diversity-based "other paper" removal of this first-party insurance lawsuit. So precise dates are important.

On January 26, 2024, Robertson's counsel sent Safepoint a pre-suit demand for $193,448.50 to settle Robertson's fire-insurance claim.[2]

Just over a month later, on February 29, Robertson sued Safepoint in the Civil District Court for the Parish of Orleans.[3] She alleged that Safepoint failed to timely and adequately pay her amounts due under her insurance policy for fire damage to her home.[4] She brought claims for breach of contract and statutory bad faith.[5] She alleged that Safepoint prepared a $257,188.84 damages estimate, and she identified six payments—totaling $309,750—that Safepoint made under the policy.[6] But she did not allege a "specific monetary amount of damages" or allege that the amount in controversy is more or less than the federal jurisdictional minimum. *Cf.* LA. CODE CIV. PROC. ANN. art. 893(A)(1) (prohibiting plaintiffs from pleading a "specific monetary amount of damages" but allowing plaintiffs to include "a general allegation that the claim exceeds or is less than" the federal jurisdictional minimum).

On March 25, Safepoint was served with Robertson's original petition.[7]

---

[2] ECF No. 8-2 at 3–4.
[3] ECF No. 1-3 at 4–9.
[4] *Id.* at 4–8 (¶¶ 1–26).
[5] *Id.*
[6] *Id.* at 5 (¶ 7–10). Those payments are (1) a $10,000 advance; (2) $177,000 for dwelling coverage; (3) $78,500 for personal-property coverage; (4) $23,340.28 for loss-of-use coverage; (5) an additional $12,059.72 for loss-of-use coverage; and (6) $8,850 for debris removal. *Id.*
[7] ECF No. 1-3 at 11; ECF No. 9 at 1.

On April 29, Robertson's counsel sent Safepoint's counsel a $200,000 settlement demand.[8]

Nine days later, on May 8, Safepoint removed the case to this Court based on diversity jurisdiction.[9] In its notice of removal, Safepoint points to the April 29 demand as proof that the amount in controversy exceeds $75,000.[10]

Now, Robertson moves to remand, contending Safepoint's removal was untimely.[11] Safepoint opposes.[12]

## II. ANALYSIS

Robertson contends that the Court must remand this case because Safepoint failed to timely remove it. *See* 28 U.S.C. § 1447(c). The Court disagrees.

Safepoint may remove a civil case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). The Court has original jurisdiction based on diversity of citizenship over civil cases between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1). As the removing party here, Safepoint "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Court "construe[s]" "[a]ny ambiguities . . . against removal because the removal statute should be strictly

---

[8] ECF No. 9-1 at 1.
[9] *See generally* ECF No. 1.
[10] *Id.* at 5 (¶ 16).
[11] ECF No. 8.
[12] ECF No. 9.

3

construed in favor of remand." *Id.* (citation omitted). Here, it is undisputed that the requirements of Section 1332(a)(1)—complete diversity and over $75,000 in controversy—are met; the parties dispute only the timeliness of removal.

Section 1446(b) governs the timeliness of Safepoint's removal. *See* 28 U.S.C. § 1446(b). The Section 1446(b) timeliness-of-removal analysis has two steps. *See Chapman*, 969 F.2d at 161. At step one, the Court decides if the "case stated by" Robertson's "initial pleading"—here, the original petition—was "removable." *See id.* If so, Section 1446(b)(1) controls, and Safepoint had to remove this case within 30 days after receiving Robertson's original petition. 28 U.S.C. § 1446(b)(1). If the "case stated by" the original petition was not "removable," however, the Court moves to step two and Section 1446(b)(3). *See Chapman*, 969 F.2d at 161. At step two, the Court decides if Safepoint removed within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

As for step one, the "case stated by" Robertson's original petition was not "removable." *Chapman*, 969 F.2d at 161. To start the 30-day removal clock under Section 1446(b)(1), Robertson's original petition had to "affirmatively reveal[ ] on its face that [Robertson] is seeking damages in excess of the minimum jurisdictional amount" by including "a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* at 163. This is a "bright line rule." *Id.* That "bright line rule" is not met here because Robertson's original petition lacks a "specific allegation" that her damages exceed the federal jurisdictional minimum. *Id.* So the "case stated

4

by" Robertson's original petition was not "removable," and the removal clock did not start ticking when Safepoint received Robertson's original petition. *Id.* at 161, 163; *see also Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (reasoning that the removal clock was not triggered by the original complaint because it lacked a "specific allegation" that damages exceeded the federal jurisdictional minimum). Because the "case stated by" Robertson's original petition was not "removable," *Chapman*, 969 F.2d at 161, the Court turns to step two and Section 1446(b)(3).

As for step two, Safepoint timely removed this case within 30 days after receiving "other paper" from which it may first have "ascertained" that the amount in controversy was met. 28 U.S.C. § 1446(b)(3). A *post-complaint* demand letter that "is not plainly a sham" can count as "other paper." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). But a *pre-suit* demand letter cannot count as "other paper." *Chapman*, 969 F.2d at 164. That is because the "plain language" of Section 1446(b)(3) requires that the defendant "receive the 'other paper' *after* receiving the initial pleading." *Id.* (emphasis added). Robertson's post-petition April 29 settlement demand of $200,000 counts as "other paper" under Section 1446(b)(3): The settlement demand makes it "unequivocally clear and certain" that the amount in controversy is met, *Bosky v. Kroger Tex., LP*, 288 F.2d 208, 212 (5th Cir. 2002) (quotation omitted), and Robertson does not contend that her $200,000 demand "is . . . plainly a sham," *Addo*, 230 F.3d at 762. Accordingly, because Safepoint removed this case on May 8, less than 30 days after receiving "other paper" in the form of Robertson's April 29 settlement demand, Safepoint's removal is timely under Section 1446(b)(3).

Robertson's counterarguments fail to persuade. First, Robertson contends that the 30-day removal clock started to tick under Section 1446(b)(1) when Safepoint was served with her original petition.[13] Robertson is wrong. "*Chapman* lays out a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount*." *Mumfrey*, 719 F.3d at 399 (quotation omitted) (emphasis original). It is undisputed that Robertson failed to include that "specific allegation" in her original petition here. *Id.*

Second, Robertson contends that her pre-suit demand letter is "other paper" that caused the 30-day removal clock to start ticking under Section 1446(b)(3).[14] This too is wrong. As a matter of law, Robertson's *pre-suit* demand letter cannot count as "other paper" because Safepoint received it *before* receiving Robertson's original petition. *See, e.g.*, *Chapman*, 969 F.2d at 164 (reasoning that a pre-suit demand letter cannot be "other paper" because the "plain language" of Section 1446(b)(3) requires that the defendant "receive the 'other paper' after receiving the initial pleading").

Finally, Robertson complains that Safepoint "cannot argue it did not . . . know about" her $193,448.50 demand more than 30 days before it removed.[15] But Safepoint's actual knowledge is irrelevant: *Chapman's* bright-line rule "does not account for a removing defendant's 'due diligence' or 'subjective knowledge.'" *Reyes v.*

---

[13] ECF No. 8-1 at 2–3; ECF No. 10 at 2–3.
[14] ECF No. 8-1 at 4; ECF No. 10 at 1–2.
[15] ECF No. 10 at

*Fam. Sec. Ins. Co.*, No. 19-CV-13975, 2019 WL 6888531, at *3 (E.D. La. Dec. 18, 2019) (Feldman, J.) (quoting *Chapman*, 969 F.2d at 163) (citing *Bosky*, 288 F.3d at 210).

* * *

Safepoint carried its burden to show that it removed this case under Section 1446(b)(3) within 30 days of receiving "other paper"—a $200,000 settlement demand—from which Safepoint may first have "ascertained" that the amount in controversy was met and that this case was removable. So its removal is timely.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Robertson's motion[16] to remand is **DENIED**.

New Orleans, Louisiana, this 25th day of February, 2025.

_____<br>
BRANDON S. LONG<br>
UNITED STATES DISTRICT JUDGE

---

[16] ECF No. 8.