UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY ROBERTSON | CIVIL ACTION |
| VERSUS | NO. 24-1172 |
| SAFEPOINT INSURANCE COMPANY | SECTION "O" |

### ORDER AND REASONS

Before the Court is the unopposed motion[1] of Plaintiff Amy Robertson to remand this first-party insurance dispute to the Civil District Court for the Parish of Orleans. On February 29, 2024, Plaintiff brought this action[2] against SafePoint Insurance Company in the Civil District Court for the Parish of Orleans. On May 8, 2024, Defendant SafePoint Insurance filed a notice of removal[3] to this Court based on diversity of citizenship under 28 U.S.C. § 1332.

During a recent 30(b)(6) corporate deposition of Defendant Safepoint, Jennifer Cotugno, the corporate representative, testified that Cajun Underwriters Reciprocal Exchange, rather than Safepoint Insurance Company, is the proper defendant/insurer for the June 15, 2022 property loss made the basis of this litigation.[4] On January 27, 2026, based on this testimony, Plaintiff filed, and Defendant Safepoint did not oppose, a motion[5] for leave to file Plaintiff's First Amended Petition for Damages. The unopposed motion was granted, and Cajun

---

[1] ECF No. 45.
[2] ECF No. 1-3.
[3] ECF No. 1.
[4] ECF No. 32.
[5] *Id.*

Underwriters Reciprocal Exchange[6] was added as a Defendant in this matter. Cajun Underwriters Reciprocal Exchange is alleged to be a Louisiana citizen,[7] which if true would make the parties no longer completely diverse as required by 28 U.S.C. § 1332.

Federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between the parties. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business." *English v. Aramark Corp.*, 858 F.App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

"[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004). Once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction. *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

[6] ECF No. 38.
[7] *Id.* at 1.

remanded." 28 U.S.C. § 1447(c); *see also Hager v. Thomas*, No. 18-cv-139, 2019 WL 13200643, at *1 (S.D. Miss. Apr. 9, 2019) ("Federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist.").

The addition of a nondiverse party is one event that defeats jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

Here, Plaintiff claims that Cajun Underwriters Reciprocal Exchange is a Louisiana citizen.[8] Defendant does not dispute this fact. Because Plaintiff is also a citizen of Louisiana,[9] according to Plaintiff's unopposed motion, the addition of Cajun

---

[8] ECF No. 38 at 1.
[9] ECF No. 1-3.

Underwriters Reciprocal Exchange to this lawsuit destroys complete diversity. It thus follows that Plaintiff's first amended petition for damages[10] vitiates the Court's subject matter jurisdiction under 28 U.S.C. § 1332 and Plaintiff's claims must be remanded for lack of subject matter jurisdiction. 28 U.S.C. § 1447(e).

Accordingly,

**IT IS ORDERED** that Plaintiff's unopposed motion to remand[11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 13th day of February, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 38.
[11] ECF No. 45.